AMANDA WRIGHT, d. b. a., *vs.* PARVIS & WILLIAMS COMPANY, p. b. r.

New Castle County, November Term, 1894.

**Married Woman. Bills and Notes.**—The statutes of this State for the benefit of married women do not empower a married woman to make a joint note with her husband for her husband's debt.

**Same. Agent.** A married woman may exploy her husband as her agent, and if he acts within the scope of his authority she is bound by it.

This was an action brought by the Parvis & Williams Company against A. J. Wright and Amanda Wright before a Justice of the Peace on a negotiable note, a judgment being recovered there by the Parvis & Williams Company. Under the provisions of the statute there was an appeal taken, and the case then came up to this court to be tried *de novo*. It appeared from the proof that the parties signing this note were husband and wife.

*Rodney*, for the defendants, contended that the plaintiff below was not entitled to recover because the note was executed by the husband and the wife for the respondent's debt, and that the wife as surety for the husband can neither execute a note as a maker of the note nor become an indorser of the note for her husband's benefit.

*Thomas Davis*, for the plaintiff, replied.

CULLEN, J., (charging the jury.)

This matter has been decided in our Court, and it is, therefore, unnecessary for me to go into that branch of the case. There is what is called a Married Woman's Act, passed for the benefit of married women, the provisions of which are in direct conflict with the common law; and the Court will always construe a law of that nature strictly. By the terms of that law as has been decided in the case of *Kohn et al. vs. Collison*, a wife cannot act as an accom-

modation indorser for her husband. In other words, under the Married Woman's Act, which is intended for the benefit of the wife, the wife shall have her property irrespective of her husband, and she shall trade with her own property and be responsible, as an individual, for all her contracts made with respect thereto. Yet there is nothing in that law that provides that the wife may go security or become indorser for her husband. There is a provision of the statute, however, enabling the wife to give a bond with or without warrant of attorney just as if she were a "*feme sole*"; but there is nothing therein that authorizes the wife to become surety for her husband. For instance, if she indorses a note for her husband to draw money out of bank, she is an accommodation indorser, and not liable. If she makes a note with her husband, she not being entitled to any benefit, then, under the decisions, not only in our State, but under the decisions under similar acts in other States, she is not responsible.

So far as the note is concerned, if it is proved (and there were no other evidence) that she signed the note for the debt of her husband, clearly she would not be responsible, and we would have to say to you, under that proof—if that were the proof and if that stood alone—that you could not find a verdict for the plaintiff. But we must say to you that the wife may employ any person as an agent to transact her business. She may employ an outside party, or she may employ her husband; and where the husband acts as her agent within the scope of the authority of the agency of the wife, she is bound by it.

The agency is a matter of proof, and must be proved to your satisfaction. You have heard the proof in this case as to what was said or done by Mr. Wright, by and through whom this contract was made for the purchase of a certain quantity of phosphate, and you have heard the proof that Mrs. Wright was a tenant on the land, and also her testimony as to the use of that particular phosphate.

The mere fact that this note was signed by the husband and wife does not of itself show that she signed as surety or as accom-

modating him in giving the note, yet if you are satisfied from the evidence in this case that the wife signed the note with her husband, and the note was given for a bill of goods that she bought for her store or for herself, or for any articles that she wanted for her own use, there the principle would not apply—that she was signing as an accommodation maker or indorser.

Therefore the question that you are to decide here is whether she had an interest so far as her own business was concerned in the giving of this note. If she had and the evidence satisfies you of that, then the plaintiff is entitled to a verdict for the amount of this note with interest. This is a matter entirely for you to decide from the evidence.

Agency may be proved directly or it may be proved by circumstances and facts that satisfy you by a preponderance of proof that this party was acting as an agent of his wife. If you are satisfied from the evidence in this case that this man at the direction and request and acting as the agent of his wife bought this phosphate; that it was used for her benefit, with her knowledge and consent,—then as a matter of course she is liable. Not only would she be liable in relation to the statute, but she would also be liable by reason of the liability of any person to pay for goods which he had bought and the benefit of which he had received.

*Verdict for plaintiff for $63.50.*